10021

*THOMAS *ET AL.* v. SPARTANBURG RAILWAY, GAS AND
ELECTRIC COMPANY *ET AL.*

(103 S. E. 149.)

1. STREET RAILROADS—FRANCHISE HELD TO OBLIGATE GRANTEE TO BUILD
   EXTENSIONS.—A street railroad franchise which stated that, in con-
   sideration of the construction and operation of the railway within the
   city and its extension and operation to designated points outside the
   city, the city remitted all license taxes, provided that until the
   extensions were made the taxes should not exceed a stated sum,
   was a contract binding the company to construct the extensions,
   not merely permitting it to do so.

2. STREET RAILROADS—SPECIFIC PERFORMANCE OF CONTRACT FOR EXTEN-
   SIONS PROPER REMEDY.—A city can bring suit to compel a street rail-
   way company to perform an obligation under the franchise, which the
   city had granted within its powers and the corporation had accepted,
   to make certain extensions of its lines outside of the city, where the
   company does not claim that the construction of such extension is
   impracticable.

Before MAULDIN, J., Spartanburg, Spring term, 1917.
Affirmed.

Suit by A. J. Thomas and another against the Spartan-
burg Railway, Gas and Electric Company and another.
Judgment for plaintiffs, and defendants appeal.

*Messrs. Sanders & DePass,* for appellants, cite: *As to
the proper construction of the franchise of May 2, 1899:*
12th R. C. L. 194, 195; 104 S. C. 345; 97 S. C. 218; 56
S. C. 180. *As to the right of the city to maintain this
action:* 2d Dill. on Mun. Corporations, sec. 792, 5th Ed.;
90th Texas 398; 87 S. C. 566-573; 117 Am. St. Rep. 370;
108 U. S. 460; 3d Dill. on Mun. Cor., 5th Ed., sec. 1231;
114 Fed. 297; 20 S. W. 1093; 12th Anno. Cases, 109; 7th
Rich. Eq. 378; 13th Rich. Eq. 250; 36 Cyc. 587; 64 S. C.
520 (distinguished); 3d Elliott on Con., sec. 2285; Pom.

*NOTE.—The opinion in this case was delivered July 12, 1918, but on
petition of appellants the remittitur was stayed until May 26, 1920.—
D. C. RAY, Reporter.

on Con., 2d Ed., secs. 292, 293; 36 Cyc. 573; 32 S. C. 214, 215; Pom. Eq. Jur. 1405, and cases in the note; 5 Rich. Eq. 289; Elliott on Con., sec. 2321; 36 Cyc. 583; 64 S. C. 520; 136 U. S. 393; 36 Cyc. 721; 7th Rich. Eq. 260; 6th Rich. Eq. 323; 11th Rich. Eq. 33.

*Messrs. Nicholls & Nicholls, John Gary Evans, R. J. Gannt* and *Gwynn & Hannon,* for respondents, cite: *As to the contract:* 16 L. R. A. 485; 1 L. R. A. (N. S.) 963; 26 L. R. A. 544; 50 L. R. A. (N. S.) 979; 5 Dec. Digest 202; 90 Ill. App. 308; 118 Ill. App. 49; 13 Cyc. 1363; 36 Cyc. 1361, and cases cited; 30 L. R. A. (N. S.) 1090, and cases cited; (Neb.) 95 N. W. 381; 13 Iowa 229; 48 Fed. 523; 61 N. W. 749 (Neb.); 26 U. S. L. Ed. 189; 4 U. S. L. Ed. 778; 60 Amer. Reports 471; 87 N. Y. 400, 405; 11 Rich. Eq. 226; 2 L. R. A. (N. S.) 217; 11 L. R. A. (N. S.) 978. *As to character of the contract in this case:* Cyc., vol. V, p. 297; Cyc., vol. IX, p. 726; 60 S. C. 555; 2 Hill 267; 36 Cyc. 525; Worcester's Dictionary; 10 Cyc. 1012; Civil Code, sec. 2535; Civil Code, sec. 3453. *As to laches and statute of limitations:* Code of Civil Procedure, sec. 136; 49 S. C. 7; 56 S. C. 193; 20 L. Ed. 265; U. S. Reports; 64 S. C. 296; 92 N. W. 517. *As to new corporation operating under franchise of predecessor:* 71 Atlantic Reporter 943; Century Digest 126; Dec. Digest, sec. 48; 38 L. R. A. 809; 26 L. R. A. 610; 26 L. R. A. 544. *As to time of performance:* 116 N. W. 857; 36 Cyc. 590; 77 S. C. 511; 12 L. R. A. 239. *Demand for performance:* 68 S. C. 31. *As to specific performance:* 49 L. R. A. 650; 13 L. R. A. (N. S.) 1084; 10 L. R. A. 774; 37 S. C. 203; 64 S. C. 520-524; 29 L. R. A. 169; 38 L. R. A. 809; 26 L. R. A. 610; 16 L. R. A. (N. S.) 307; 64 S. C. 520; 15 L. R. A. (N. S.) 594; 71 Atlantic Reporter (Conn.) 942; 16 L. R. A. (N. S.) 310.

July 12, 1918.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action for the specific performance of a contract which is embodied in appellants' franchise granted them by the city of Spartanburg.

After issue joined, the case was referred to the master, who filed his report, exceptions being filed thereto. The exceptions were argued before Judge Mauldin, who overruled the exceptions and confirmed the report of the master, holding that: "A performance of its contract by the defendant will alone meet the demands of justice in this case."

The report of the master and decree of the Circuit Judge were based upon an alleged breach of the terms and conditions of the franchise granted by the city of Spartanburg.

The appeal by 34 exceptions challenges the correctness of the master's report as well as the decree of the Circuit Judge. The first question to be considered is that made by exceptions as to proper construction of the franchise of May 2, 1899. The plaintiffs rely upon section 10 of this franchise. They contend that when this franchise was granted and accepted by McEowen a contract was entered into by which McEowen bound himself, his associates and assigns, in consideration of certain privileges and immunities granted to him by his franchise, not only to build and operate a line of railway within the city of Spartanburg, but to extend this line to points outside of the city limits; in other words, the contention of the plaintiffs is that the defendant contracted and bound itself to make the extension beyond the city limits, and defendant's contention is that it simply had an option to extend if it saw fit.

The holding of the Circuit Judge and master is that there was a valid and binding contract between McEowen, in behalf of himself, his associates and assigns, and the city of Spartanburg, by which, in consideration of the privileges

and immunities granted him under section 10 of the franchise, the defendant should now be compelled to build a line of railway to Whitney Mills and Clifton No. 3, and operate the same.   Section 10 of the franchise is:

"In consideration of the construction and operation of the said railway within the city limits, and its extension and operation to Clifton Mill No. 1, Clifton Mill No. 2, Clifton Mill No. 3, Glendale Cotton Mills, Arkwright Mills, and Whitney Mills, and the public benefit to be derived therefrom, the said mayor and city council to hereby waive and remit to the said McEowen, his associates and assigns, any and all license tax or fees that might now or at any time hereafter be assessed against or upon said railway, not relieving the said F. D. McEowen, his associates and assigns, of any property tax to which they may be liable: *Provided, further, however,* Until such extensions and operations be made, such license tax shall not exceed two hundred dollars."

This section clearly shows and should be construed that the city of Spartanburg was moved by the following consideration in granting the franchise: In consideration of the construction of the railway within the city limits, and in further consideration of its construction to Whitney Mills, and the other places mentioned, and for this the city remits all license tax against the railway, and, until the extension to Whitney Mills and the other places, this license tax shall not exceed $200, and the construction of the master concurred in by the Circuit Court in holding that there was a valid and binding contract was correct, and these exceptions are overruled.

As to the exceptions as to the right of the city to maintain this action, the city had the right to grant the franchise, and having granted it and it being accepted, and the defendant having failed to comply with its terms, the city has the right to go into Court and ask that it be enforced, and it had the right to bring the action to

compel the defendant, a public service corporation, to per-
form its duty, duly contracted for within the scope of its
general corporate power.

The defendant admits that it has finances enough to build
the road, and may do so at some time, but contends that the
city has no rights or powers outside of the city limits, and it
cannot be compelled to. It does not show that it cannot
acquire rights of way.

The sole question now before us is whether the decree of
the Circuit Court should be sustained. We cannot see any
error as made by the numerous exceptions, either as to the
construction of the contract, the admission of evidence, or
laches of the plaintiffs.

All exceptions are overruled.

Judgment affirmed.